IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

THERESA S. MUBANG,

  Petitioner,

v.              CIVIL ACTION NO. 2:13cv78
                  (Judge Bailey)

TERRY O'BRIEN, Warden,

  Respondent.

# REPORT AND RECOMMENDATION

## I. BACKGROUND

On November 13, 2013, the *pro se* petitioner filed an Application for Habeas Corpus pursuant to 28 U.S.C. §2241. On November 25, 2013, the petitioner filed her petition on the court-approved form. The petitioner paid the $5.00 filing fee on December 2, 2013. This matter is before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2.

## II. FACTS[1]

In a superseding indictment dated September 27, 2004, a grand jury in the District of Maryland charged the petitioner with one count of holding a juvenile to a term of involuntary servitude and one count of harboring a juvenile alien for financial gain. On November 7, 2004, a jury convicted the petitioner of both counts of the indictment. Sometime between the verdict and sentencing, the petitioner fled the country and returned to her native Cameroon. The trial Court issued a bench warrant for her arrest. On February 28, 2005, the petitioner was sentenced *in absentia*

---

[1]The facts related to the petitioner's indictment, conviction and sentence were taken from the Memorandum Opinion issued by the United States District Court for the District of Maryland denying her Motion to Vacate. See 8:06cv1838-DKC (Doc. 1) available on PACER.

1

to concurrent terms of 210 months of imprisonment on Count One and 120 months of imprisonment on Count Two, along with three years of supervised release. Judgment was entered on March 1, and her counsel noted an appeal to the United States Court of Appeals for the Fourth Circuit two days later.

The petitioner's counsel moved to stay the appeal because the petitioner was a fugitive on April 6, 2005. The Government responded in opposition and moved to dismiss the appeal on April 15, 2005. On April 20, 2005, the Fourth Circuit denied the motion to stay and dismissed the appeal, but granted the petitioner leave to move to file an appeal, with good cause shown, if the petitioner surrendered herself to federal custody within 30 days. The petitioner did not do so. Instead, she was apprehended in Cameroon on May 26, 2005, and returned to the United States two days later. Although counsel moved to reinstate the appeal on October 7, 2005, the court denied that motion on November 21, 2005.

Counsel for the petitioner filed a Section 2255 petition on her behalf on July 19, 2006. That motion asserted five grounds for relief: (1) her conviction on count one was barred by the statute of limitations; (2) the Government did not timely disclose exculpatory evidence pursuant to Brady v. Maryland, 373 U.S. 83 (1963); (3) she was deprived of her jury trial right because the jury delivered a verdict in "less than two hours"; (4) certain testimony from three other women who lived with the petitioner was improperly admitted; and (5) the evidence was insufficient to establish coercion, a required element under count one. On August 9, 2011, the District Court entered a Memorandum Opinion denying the petitioner's motion to vacate.

On August 12, 2013, the petitioner filed a "Motion to Vacate Sentence and Order Immediate Release from Custody as Authorized, Pursuant to 18 U.S.C. § 3742 (A.) Sentence was Imposed in

2

Violation of Law", seeking to vacate her sentence. The District of Maryland construed the motion as being filed pursuant to 28 U.S.C. § 2255. In the motion, the petitioner claimed that her final sentence was imposed in violation of the Ex Post Clause, because she was sentenced under the 2000 version of the US Sentencing Guidelines ("USSG"). She asserted that because the 2000 guidelines provided for more severe punishment, she should have been sentenced under the 1998 USSG which was in effect at the time of her offenses. She further alleged that her sentence violated the dictates of Apprendi v. New Jersey and Alleyne v. United States. Finally she claimed that the court abused its discretion in sentencing her beyond the statutory minimum term and, in effect, engaged in an "unwarranted sentencing disparity." On August 16, 2013, the District of Maryland entered a Memorandum Opinion dismissing the Motion without prejudice. In so doing, the Court found it lacked jurisdiction because it was a second or successive motion filed under 28 U.S.C. § 2255 which has not been certified in advance by a panel of the appropriate circuit court of appeals. See 8:13cv02339-DSK (Doc. 2)(District of Maryland August 16, 2013).[2]

## I. ISSUE PRESENTED

In her pending §2241 motion, the petitioner is challenging the validity of her sentence and raises the same grounds she raised in her second or successive motion filed pursuant to 28 U.S.C. § 2255. Specifically, the petitioner alleges:

(1) Her sentence was imposed in violation of the Fourteenth Amendment's due process clause and the holding in Apprendi v. New Jersey;

(2) The Court violated the Ex Post facto Clause when it sentenced her to the high end of the guideline range. More specifically, she alleges that she was charged with violating 18 U.S.C. § 1584 during the period 1996 to 1998. The sentencing guidelines in effect at that time contained a statutory maximum of ten years. However,

---

[2]Available on PACER.

3

on October 28, 2000, the statute was amended and twenty years was substituted for the ten year maximum; and

(3) The court abused its discretion in imposing an unwarranted sentence disparity.

For relief, the petitioner as the court to vacate her sentence and remand for re-sentencing. She also asks for credit for time served, and asks to be immediately released from the custody of he BOP.

## IV. ANALYSIS

The statutory framework for post-conviction relief from federal judgments of conviction is found in Chapter 153 of Title 28 of the United States Code. A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a Motion to Vacate, Set Aside or Correct sentence pursuant to 28 U.S.C. § 2255 are separate and distinct devices for securing post-conviction relief. A Section 2241 petition attacks the manner in which a sentence is executed, while a Section 2255 motion challenges the validity of a conviction or sentence. See In re Jones, 226 F.3d 328. 332 (4th Cir. 2000). To challenge the validity of his conviction or sentence, the petitioner must bring the motion in the court which imposed the sentence. 28 U.S.C.§ 2255 (a); In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997)(en banc). "In contrast to a [Section] 2255 habeas petition, which is filed with the original sentencing court, a [Section] 2241 habeas petition can only be filed in the district in which a prisoner is confined."United States v. Poole, 531 F.3d 263, 264 (4th Cir. 2008). A challenge to the calculation of a defendant's sentence or the application of sentencing guideline provisions is properly brought in a Section 2255 post-conviction motion.

Thus, a §2241 motion that challenges a federal conviction and sentence is properly construed

to be a §2255 motion. The only exception to this conclusion is where a §2241 motion attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in §2255. Section 2255 states:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added)..

The law is clearly developed, however, that merely because relief has become unavailable under §2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the §2255 remedy is inadequate or ineffective, Vial, 115 F.3d at 1194. Moreover, in Jones, the Fourth Circuit held that:

> §2255 is inadequate and ineffective to test the legality of a conviction when:
> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changes such that the conduct of which the prison was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

The petitioner bears the burden of demonstrating that the Section 2255 remedy is inadequate or ineffective. Hood v. United States, 13 F.App'x 72 (4th Cir. 2001)(unpublished decision); Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001).

In this case, the petitioner is not challenging the execution of his sentence, but instead is challenging the sentence, itself. Although the petitioner has not raised the savings clause, it is clear

5

that she is not entitled to its application. In this case, even if the petitioner satisfied the first and third elements of Jones, violations of 18 U.S.C. §§ 1584 & 1324(a)(1)(A)(iii), remain a criminal offense, and therefore, the petitioner cannot satisfy the second element of Jones. Consequently, the petitioner has not demonstrated that §2255 is an inadequate or ineffective remedy, and she has improperly filed a §2241 petition.

Moreover, the Fourth Circuit has not recognized an entitlement to proceed under section 2241 when an inmate challenges her sentence contending that the remedy under Section 2255 is inadequate or ineffective. Poole 531 F.3d at 267 fn 7 ("Fourth Circuit precedent has likewise not extended the reach of the [Section 2255(e)] savings clause to those petitioners challenging only their sentences. See In re Jones, 226 F.3d 228 333-34 (4th Cir. 2000)(outlining the circumstances in which '§ 2255 is inadequate or ineffective to test the legality of a **conviction**')(emphasis added ).")

## V. RECOMMENDATION

Based on the foregoing reasoning, the undersigned recommends that this matter be **DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the District Court Judge. Failure to file timely objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th

Ci. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to her last known address as reflected on the docket sheet.

DATED: March 24, 2014

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE