# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**THERESA S. MUBANG,**

    Petitioner,

v.                       **CIVIL ACTION NO. 2:13-CV-78**
                                    **(Judge Bailey)**

**TERRY O'BRIEN, Warden,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge John S. Kaull [Doc. 7] and the petitioner's Objections thereto [Doc. 9]. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. Failure to file objections permits the district court to review the R&R under the standards that the district court believes are appropriate, and under these circumstances, the parties' right to *de novo* review is waived. See ***Webb v. Califano***, 468 F. Supp. 825 (E.D. Cal. 1979). The petitioner timely filed objections on April 10, 2014 [Doc. 9]. This Court will review the portions to which the petitioner objects under a *de novo* standard. As a result, this Court **ADOPTS** the R&R.

**I.**     **Background**

On February 28, 2005, the petitioner was sentenced *in absentia* to concurrent terms of 210 months of imprisonment for holding a juvenile to a term of involuntary servitude and

1

120 months for harboring a juvenile for financial gain.

Since the petitioner's apprehension and return to the United States in May, 2005, the petitioner has filed, through counsel and *pro se*, a number of motions. First, counsel for the petitioner attempted to reinstate direct appeal, which was dismissed by the Fourth Circuit Court of Appeals under the fugitive disentitlement doctrine. The Fourth Circuit denied the motion to reinstate appeal on November 21, 2005. *See* **Mubang v. United States**, 2011 WL 3511078, at *3 (D. Md. Aug. 9, 2011).

Next, counsel for the petitioner filed a petition under 28 U.S.C. § 2255 on July 19, 2006. **Mubang v. United States**, 2011 WL 3511078 (D. Md. Aug. 9, 2011). There, the petitioner asserted that 1) her conviction on count one was barred by the statute of limitations; 2) the Government failed to timely disclose exculpatory evidence; 3) she was deprived of her jury trial right; 4) evidence was improperly admitted; 5) there was insufficient evidence to establish coercion. *Id.* The district court denied the petitioner's motion to vacate on August 9, 2011, on the grounds that the claims were procedurally defaulted. The claims, which the court determined could have been brought on direct appeal, were waived or abandoned as a result of her flight during the pendency of her time for direct appeal. *Id.* The district court also rejected the petitioner's actual innocence claim and denied a certificate of appealability. *Id.*

In 2013, the petitioner filed a number of motions in the District of Maryland, seeking a reduction of sentence, to have her restitution vacated, to have restitution modified, a modification of sentence based on her rehabilitation during incarceration, and to have her sentence vacated. *See* **United States v. Mubang**, 2013 WL 3380171 (D. Md. July 5,

2

2013); ***Mubang v. United States***, 2013 WL 4462786 (D. Md. Aug. 16, 2013).[1] In the latter motion, the petitioner raised three claims. First, that her final sentence was imposed in violation of the Ex Post Facto Clause, because she was sentenced under the 2000 version of the United States Sentencing Guidelines ("USSG") instead of the 1998 USSG, which was in effect at the time of her offenses. Next, she claimed that her sentence violated the dictates of ***Apprendi v. New Jersey*** and ***Alleyne v. United States***. Finally, she claimed that the court abused its discretion in sentencing her beyond the statutory minimum term. The district court denied all of the petitioner's motions on the ground that the motion was a second or successive motion filed under 28 U.S.C. § 2255 that had not been certified in advance by the Fourth Circuit. ***Mubang v. United States***, 2013 WL 4462786 (D. Md. Aug. 16, 2013).

The petitioner filed the instant petition under 28 U.S.C. § 2241 on November 13, 2013 [Doc. 1]. The petitioner raises the same three grounds as in the 2013 Motion under 28 U.S.C. § 2255. The magistrate judge recommends dismissal with prejudice of the petitioner's instant claims on the ground that the petitioner's claims challenge her federal conviction and sentence and are properly matters for consideration under 28 U.S.C. § 2255, not 28 U.S.C. § 2241.

## II.   Discussion

Upon a *de novo* review of the petitioner's petition, this Court agrees with the magistrate judge that the petitioner is not entitled to relief.

---

[1]The petitioner's motion to modify the payment schedule under the Inmate Financial Responsibility Program was transferred to this Court, the district of incarceration, for determination. This Court denied the petitioner's Motion on April 16, 2014. ***Mubang v. O'Brien***, 2014 WL 1513422 (N.D. W.Va. Apr. 16, 2014).

3

.        A.       Claims Under 28 U.S.C. § 2241

The petitioner's objections state simply that she objects to the magistrate judge's R&R.  Upon review, the Court finds the petitioner's objection to be without merit.  The petitioner claims state that 1) her sentence was imposed in violation of the Fourteenth Amendment's due process clause and the holding in ***Apprendi v. New Jersey***; 2) that the sentencing court violated the Ex Post Facto Clause when it sentenced her to the high end of the guideline range specified in the 2000 Sentencing Guidelines instead of the 1998 Sentencing Guidelines; and 3) that the Court abused its discretion in imposing an unwarranted sentence disparity.

### 1.  *Apprendi* Violation

A federal prisoner may seek relief pursuant to 28 U.S.C. § 2241 when a petition pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255; ***In re Vial***, 115 F.3d 1192, 1194 (4th Cir. 1997). However, the remedy afforded by a § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision.  ***In re Vial***, 115 F.3d at 1194 n. 5 (citing ***Tripati v. Henman***, 843 F.3d 1160, 1162 (9th Cir.1988)).

***Apprendi*** was decided prior to the petitioner's sentencing.  Thus, the petitioner clearly had the opportunity to raise her claims at the time she was sentenced, on direct appeal, or in a timely § 2255 motion.  The petitioner may not use a § 2241 merely because she failed to pursue the proper channels of review and is now barred from doing so.  Accordingly, the petitioner cannot show that § 2255 is inadequate or ineffective to test the legality of his sentence and she is not entitled to relief under § 2241.

4

## 2. Sentencing Guidelines

The petitioner next claims that the sentencing court violated the Ex Post Facto Clause, Art. I, § 9, cl. 3; Art. I, § 10, cl. 1, when it sentenced her to the "high end of the guideline range." [Doc. 1-2 at 1]. The petitioner states that the statutory maximum for violation of 18 U.S.C. § 1584 was ten years at the time of her offenses, 1996 to 1998. The petitioner claims that the statutory maximum was amended to twenty years in the year 2000. Accordingly, the petitioner claims that she was sentenced to 210 months imprisonment in violation of the ex post facto clause.

Multiple circuit courts of appeals have determined that ex post facto claims are properly raised during sentencing, on appeal, or in 28 U.S.C. § 2255 motions, and that ex post facto claims do not meet the requirements of the savings clause to raise the claim in a 28 U.S.C. § 2241 petition. *See, e.g.* **Hatten v. United States**, 345 F. App'x 844 (3d Cir. 2009); **Schomaker v. Nalley**, 104 F. App'x 763 (2d Cir. 2004); **Murr v. Thoms**, 62 F. App'x 572, 575 (6th Cir. 2003); **Saunders v. Chandler**, 51 F. App'x 928 (5th Cir. 2002). Because the petitioner's ex post facto claim is one that he could have raised on direct appeal or in her first § 2255 motion, it does not fall within the savings clause of § 2255 so as to support the exercise of § 2241 jurisdiction.

## 3. Abuse of Discretion in Sentencing

Finally, the petitioner claims that there was an unwarranted sentencing disparity between Ms. Mubang's sentence and other similar cases [Doc. 1-2 at 2]. Again, the petitioner is attacking the validity of her sentence, and these claims are of the type which normally should be brought under § 2255. A petitioner may file a motion under § 2241

when § 2255 is inadequate or ineffective to test the legality of detention. Here, a § 2255 motion is not inadequate or ineffective merely because a prior motion has been unsuccessful or because the petitioner is unable to meet the gatekeeping requirements for filing a second or successive § 2255 motion. Accordingly, the petitioner's third claim must fail.

### B. Motion to Appoint Counsel

The petitioner's objections also request that the Court appoint counsel. [Docs. 9, 10]. The petitioner states that, "[d]ue to the number of petitions already filed to no avail," she requests the Court appoint counsel "in order to properly test the legality of her conviction." [Doc. 9 at 1]. There is no Constitutional right to have appointed counsel in post conviction proceedings. **Pennsylvania v. Finley**, 481 U.S. 551 (1987). 18 U.S.C. § 3006A allows the Court discretion to appoint representation for a financially eligible person who seeks relief under 28 U.S.C. § 2241. *See* 18 U.S.C. § 3006A(a)(2)(B).

The petitioner's claims, as discussed above, are procedurally barred. The interests of justice do not require the appointment of counsel at this time. *See* 18 U.S.C. § 3006A(a)(2)(B). Therefore, the Court hereby DENIES petitioner's motion to appoint counsel [Doc. 10].

### III. Conclusion

Upon careful review of the R&R, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 7]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in that report. Further, the plaintiff's Objections **[Doc. 9]** are **OVERRULED** and the petitioner's Motion for Appointment of

6

Counsel **[Doc. 10]** is **DENIED**.  Accordingly, the petitioner's Writ for Habeas Corpus **[Doc. 1]** is hereby **DENIED** for the same reasons as stated above.  As such, the same is hereby **DISMISSED WITH PREJUDICE** and **ORDERED STRICKEN** from the active docket of this Court.  Finally, upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that the petitioner has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: May 29, 2014.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE